IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTY PRICE                                                                               PLAINTIFF

v.                                       Civil No. 12-2036

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christy Price, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff filed her application for DIB on September 29, 2009, alleging an onset date of April 1, 2009, due to degenerative disk disease ("DDD") of the lumbar spine with radiculopathy, bilateral carpal tunnel syndrome ("CTS"), personality disorder, mood disorder, dyslexia, and post traumatic stress disorder ("PTSD"). Tr. 83-84, 165-166, 196, 258-259, 274, 294, 307. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr.83-92. An administrative hearing was held on May 3, 2011. Tr. 27-82. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 43 years old, possessed a high school education, and was enrolled in college to obtain an Associate's Degree in Health Information Technology (medical billing, coding, and transcription). Tr. 33-34. The previous semester she had taken nine hours, and was

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

enrolled in twelve hours on the date of the hearing. Tr. 34. Plaintiff had past relevant work ("PRW") experience as a receiving clerk, department manager, cashier/supervisor, doorkeeper/greeter, and baker. Tr. 18, 35-42, 211-218, 283-289.

On October 17, 2011, the ALJ found Plaintiff's lumbar DDD status post fusion with radiculopathy, bilateral CTS, mood disorder, PTSD, and personality disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, but must avoid frequent rapid, repetitive flexion/extension of the wrists bilaterally and is limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Further, he concluded that she was able to perform work where the interpersonal contact was routine but superficial, the complexity of the tasks was learned by experience with several variables and judgment within limits, and the supervision required is little for routine but detailed for non-routine work. Tr. 14-18. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as an industrial order clerk, reconsignment clerk, traffic clerk, auction clerk, cashier at a check cashing agency, and a food checker. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 19, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 13.

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider

the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, Plaintiff suffers from bilateral carpal tunnel syndrome. In November 2008, she underwent right carpal tunnel release surgery. Tr. 379, 391-395, 412, 428-429. In May 2009, Plaintiff had surgery performed on her left wrist. Tr. 386-388, 395-399, 406, 426-427. Plaintiff underwent a general physical examination with Dr. Michael Westbrook on January 13, 2010, which revealed a decreased grip strength bilaterally and resulted in diagnoses of osteoarthritis of the thumb and bilateral CTS. However, he improperly interpreted Dr. Westbrook's failure to comment on Plaintiff's

4

limitations as an indication that Plaintiff had no such limitations. *See Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment."). Relying solely on the assessment of a non-examining, consultative doctor, the ALJ then concluded that Plaintiff must only avoid frequent rapid, repetitive flexion/extension of the wrists bilaterally. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). However, he made no findings regarding Plaintiff's ability to handle and finger, and failed to consider her reduced grip strength. We note that repetitive tasks that require bending of the wrists or *grasping with the hands*, including typing, cutting, sewing, playing a musical instrument, overuse of small hand tools, and use of vibrating tools are factors that can contribute to the development of CTS. *See* PHYSICIAN'S DESK REFERENCE, *Carpal Tunnel Syndrome*, http://www.pdrhealth.com/diseases/carpal-tunnel-syndrome (Last accessed February 25, 2013). It seems reasonable that an individual who has undergone surgical correction for CTS might need to avoid these activities, which do not just involve the rapid and repetitive use of their wrists, in order to prevent further complications. Accordingly, remand is necessary to allow the ALJ to reassess the limitations imposed by Plaintiff's CTS.[2]

Our review of the record also reveals that the ALJ failed to conduct a proper credibility analysis as is required by *Polaski*. And, while we note that *Polaski* does not require that the ALJ methodically

---

[2]While we do note that Plaintiff was attending college, taking 12 hours, we also note that special accommodations were made for her, given her learning and physical disabilities. Plaintiff indicated that she was afforded additional time to write essays and to stop typing or writing whenever necessary with additional assistance from the professors after class. Tr. 57, 66. In fact, the evaluation conducted by Arkansas Rehabilitation Services indicated that she would have frequent mistakes in written work performance; limited ability to write on the job; difficulty reading advanced technical materials; difficulties in studying independently requiring special instructional methods; difficulty with advanced computation or mathematics; and, difficulty with spelling tasks. Tr. 565-568.

discuss all of the evidence, he is required to provide reasons for his credibility determination. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir.2008) (holding if ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, appellate court will defer to the ALJ's credibility determination). He did not do so in this case. Instead, he merely recited Plaintiff's testimony and the medical evidence, and concluded that her limitations were not as severe as she alleged. No inconsistencies were pointed out, and no reasons were included in his analysis. Therefore, remand is also necessary to allow the ALJ to perform a proper credibility analysis.

V. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE